**LEONARD et al. v. ROGERS. (No. 3175.)\***

(Court of Civil Appeals of Texas. Texarkana. Feb. 12, 1926. Rehearing Denied Feb. 25, 1926.)

Easements ⬤⟞36(3)—Evidence as to existence and use by public of roadway for 30 years, and lack of any other outlet to public highway, held to support judgment restraining interference with use of roadway.

Evidence that roadway claimed as an easement by defendant had been in existence and constant use by public for more than 30 years, and that defendant had no outlet to public highway without passing over road across plaintiff's land, *held* to support judgment restraining ·interference with use of roadway.

Appeal from District Court, Fannin County; Geo. P. Blackburn, Judge.

Suit by Mrs. Daisy Leonard and others against William Rogers. Judgment for defendant, and plaintiffs appeal. Affirmed.

H. G. Evans, of Bonham, for appellants.
Cunningham & Lipscomb, of Bonham, for appellee.

HODGES, J. This suit originated in a dispute over the location of a boundary line. The appellants own about 200 acres of land, most of which lies in what is known as "section 42," in Fannin county. The appellee owns a fraction over 80 acres in section 36, immediately south of appellants' land. The south boundary line of section 42 forms the north boundary line of section 36. This suit was instituted by the appellants in the form of an action of trespass to try title to recover the possession of a strip 12½ feet wide extending along the north boundary line of the land claimed by the appellee, and to enjoin the appellee from using a road about 20 feet wide along that line and extending west across other land of the appellants. All of the land owned by the parties to this suit originally belonged to Henry Leonard. Some time prior to 1909, a part of the land was sold to satisfy a judgment against Leonard. His heirs were allowed to retain only 200 acres allotted as a homestead. The land claimed by the appellee is that portion which was sold as the excess over the homestead. At the time of that sale, and for many years prior, a roadway ran east and west approximately on the line separating the two surveys, and west across a part of the appellants' land, intersecting a highway along the west boundary line of Fannin county. That roadway was the only outlet to those occupying the premises now claimed by the appellee. In a trial before the court without a jury, the boundary line was located at the point claimed by the appellee, and upon his application the appellants were restrained from interfering with his use of the old roadway

\*Writ of error dismissed for want of jurisdiction April 20, 1926.

above mentioned. In this appeal it is insisted that the judgment is not supported by the evidence.

It is unnecessary to discuss the facts as detailed by the witnesses. At the instance of the appellee the land was surveyed, and the testimony of the surveyor sustains the judgment of the court in locating as he did the true boundary line between the two sections. It was also shown that the roadway claimed as an easement by the appellee had been in existence and constant use by the public for more than 30 years. It was further shown that the appellee had no outlet to the public highway without passing over that road and across the land of the appellants.

We think the judgment of the court is supported by the evidence, and it is accordingly affirmed.